**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DARYL A. ROYSTER,**
    **Plaintiff,**

vs.                                              **Case No: 3:07cv54/MCR/MD**

**CAPTAIN RANDY BROWN, et al.,**
    **Defendants.**

---

**ORDER**

    This cause is before the court upon plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. §1983 (doc. 1) and his motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, from a review of the complaint it is evident that it is not in proper form. It is further evident that the facts as presented fail to support a viable claim for relief under § 1983 as to some or all of the named defendants. The court will therefore allow plaintiff an opportunity to correct the deficiencies and clarify his allegations in an amended complaint.

    Initially, it is noted that plaintiff has not properly identified the defendants in this action. In the style of the case on the first page of the complaint form plaintiff names six defendants. However, in the "Defendants" section of the complaint form on page two, plaintiff identifies only three individuals. Plaintiff is advised that the defendants listed in the style of the case must conform to those listed in the "Defendants" section of the complaint form. In determining the proper defendants, plaintiff should name only those persons who are responsible for the alleged constitutional violations.

    Second, it is apparent from review of plaintiff's factual allegations that he has attempted to improperly join parties and unrelated claims in this single cause of action. The Federal Rules of Civil Procedure provide limits as to the claims and parties that may be joined in one cause of action. Rule 18 provides that a plaintiff may join in one cause of action as many claims as he has against one particular defendant. FED.R.CIV.P. 18(a). Rule 20, however, limits the group of persons who may be joined as defendants in a single lawsuit. That Rule provides that all persons may be joined as defendants in one action **if the claims against them arise out of the same transaction, occurrence, or series of**

**transactions or occurrences and if any question of law or fact common to all defendants will arise in the action**.  FED.R.CIV.P. 20(a).  Here, plaintiff's claims against defendants Brown, McNesby, Joye, Dewees and Young concerning the December 29, 2006 "false report" of plaintiff trespassing onto ECAT property are not related to plaintiff's claim against defendant Mickey concerning that deputy's alleged inadequate response to a call involving a fight on January 20, 2007.  Therefore, the claims against these defendants must be addressed in separate civil rights complaints.

Third, plaintiff has failed to adequately identify his claims.  In the "Statement of Claims" section of the complaint form, plaintiff is instructed to "[s]tate what rights under the Constitution . . . you claim have been violated.  Be specific.  Number each separate claim and relate it to the facts alleged in Section III."[1]  (Doc. 1, p. 4).  In response, plaintiff has written, "14th Amendment."  The Fourteenth Amendment encompasses several rights: the right to substantive due process, procedural due process and equal protection.  In amending, plaintiff must specifically identify which of those rights the defendants' conduct allegedly violated, and then relate it to the facts alleged in his statement of facts.

As to the substance of plaintiff's claims, in any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001), *cert. denied*, 122 S.Ct. 1789, 152, L.Ed.2d 648 (2002).

In the instant case, plaintiff asserts that on December 29, 2006 he was "illegally banned from ECAT buses," on account Deputy Dewees' false report that he was trespassing.  Plaintiff also complains that on January 20, 2007 Deputy Mickey caught two gang members fighting with sticks on plaintiff's street (others apparently had guns), but did

---

[1]Section III of the complaint form is the Statement of Facts section.

*Case No: 3:07cv54/MCR/MD*

not detain them.  Sometime later, one of the gang members slapped plaintiff's little girl and broke her arm.  Plaintiff asserts "if Officer Mickey Mouse would have did [sic] his job my little girl wouldn't be broken."  (Doc. 1, p. 3).  As relief, plaintiff seeks monetary damages and injunctive relief.

Liberally construing plaintiff's complaint as asserting a substantive due process claim, the complaint lacks an arguable basis in law.  The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty or property without due process of law."  U.S. Const. amend XIV.  The substantive component of due process protects against "certain government actions regardless of the fairness of the procedures used to implement them."  *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986); *see also Pittsley v. Warish*, 927 F.2d 3, 6 (1st Cir. 1991) (comparing substantive due process to procedural due process).  There are two theories under which a plaintiff may bring a substantive due process claim.  The first involves the prohibition against the Government's infringement upon certain "fundamental" rights[2] to any degree--no matter what process is provided--unless the infringement is narrowly tailored to serve a compelling governmental interest.  *Brown v. Nix*, 33 F.3d 951, 953 (8th Cir. 1994) (citing *Reno v. Flores*, 507 U.S. 292, 301, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1 (1993)).  Under this theory, a plaintiff must demonstrate deprivation of an identified liberty interest protected by the Fourteenth Amendment.  *Pittsley*, 924 F.2d at 6 (citing *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.ct. 625, 626-27, 67 L.Ed. 1042 (1923)).  Under the second theory, the Government's conduct somehow "must shock the conscience or otherwise offend our judicial notions of fairness, or must be offensive to human dignity."  *Brown v. Nix, supra* at 953;  *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209-10, 96 L.Ed. 183 (1952).

Here, plaintiff allegations fails to support a claim under either theory.  To the extent plaintiff believes he has a fundamental right to public transportation, he is wrong for the reasons outlined in the Report and Recommendation recently issued in plaintiff's lawsuit against ECAT.  *See Royster v. ECAT*, Case Number 3:06cv550/RV/MD, doc. 7).  To the

---

[2]"Fundamental" rights are those "implicit in the concept of ordered liberty."  *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th cir. 1994) (en banc) (quoting *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937)).

extent plaintiff believes he has a fundamental right to the investigation and/or prosecution of another, he is wrong again. It is well settled that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973); *see Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 897, 104 S.Ct. 2803, 2811, 81 L.Ed.2d 732 (1984) ("Indeed, private persons such as petitioners have no judicially cognizable interest in procuring enforcement of the immigration laws by the INS."); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988). Furthermore, law enforcement officers have no affirmative constitutional duty to investigate an incident. *Andrews v. Fowler*, 98 F.3d 1069, 1078-79 (8th Cir. 1996) (dismissing civil rights claim against police chief for failing to investigate plaintiff's rape; holding that failure to investigate "did not rise to the level of a separate constitutional violation of [the plaintiff's] rights."); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (stating "we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Beard v. O'Neal*, 728 F.2d 894, 899 (7th Cir. 1984); *Fulson v. Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992); *Doe v. Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md. 1990); *Moses v. Kennedy*, 219 F.Supp. 762 (D. D.C. 1963) (holding that a private citizen does not have a constitutional right to have his claim investigated and prosecuted by the FBI), *aff'd sub nom., Moses v. Katzenbach*, 342 F.2d 931 (D.C. Cir. 1965); *Lovoi v. F.B.I.*, No. 99-3563, 2000 WL 33671769, at *2 n.4 (E.D. La. 2000) ("Citizens do not enjoy a constitutional right to have their claims investigated by federal or local executive officials."). Finally, plaintiff fails to allege conduct that even arguably "shocks the conscience."

Liberally construing plaintiff's complaint as asserting an equal protection claim, again, the complaint lacks an arguable basis in law. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Thus, to establish an equal protection violation a plaintiff ordinarily shows that the state treated him differently from a similarly situated person based on a constitutionally protected interest.

*Case No: 3:07cv54/MCR/MD*

*Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001).  In the instant case, plaintiff's equal protection claim fails because he has not identified any similarly situated comparators.  Moreover, plaintiff fails to allege that the treatment he received was based on a constitutionally protected interest, such as race.

In amending, plaintiffs should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If plaintiff determines that he cannot, he should immediately file a notice of voluntary dismissal.  If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**."[3]  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.  In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Accordingly, it is ORDERED:

1.  Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

---

[3]**Plaintiff is put on notice that by signing and filing an amended complaint, he is certifying that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the claims therein are warranted by existing law and that the factual allegations have evidentiary support. Fed. R. Civ. P. 11(b). Plaintiff is warned that if the court determines that he has violated Rule 11, a penalty may be imposed which may include a monetary and/or nonmonetary sanction. Fed. R. Civ. P. 11(c).**

*Case No: 3:07cv54/MCR/MD*

2.  The clerk is directed to forward to plaintiff a civil rights complaint form for use in non-prisoner actions under 42 U.S.C. §1983.  This case number shall be written on the form.

3.  The plaintiff shall have **thirty (30) days** from the date of this order in which to file either a notice of voluntary dismissal or an amended civil rights complaint on the court form.

4.  Failure to timely comply with this order as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 5th day of February, 2007.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**